**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DAVID J. WALKER,

                Petitioner,                     Case Number: 2:18-CV-12435
                                                       HON. ARTHUR J. TARNOW

v.

SHANE JACKSON,

                Respondent.

_____/

**OPINION AND ORDER GRANTING PETITIONER'S**
**MOTION TO STAY, DENYING MOTION FOR APPOINTMENT**
**OF COUNSEL WITHOUT PREJUDICE, AND ADMINISTRATIVELY**
**CLOSING CASE**

Michigan state prisoner David J. Walker has filed a petition for a writ of habeas

corpus pursuant to 28 U.S.C. § 2254. He challenges his convictions for three counts of

aggravated stalking. Now before the Court is Petitioner's Motion to Stay Proceedings.

For the reasons set forth below, the Court grants the motion and closes the case.

Petitioner's convictions are the result of a guilty plea in Livingston County Circuit

Court. On August 18, 2016, Petitioner was sentenced to concurrent terms of 9 to 40 years

in prison. The Michigan Court of Appeals denied Petitioner's application for leave to

appeal, *People v. Walker,* No. 336981 (Mich. Ct. App. Nov. 29, 2017), as did the

Michigan Supreme Court. *People v. Walker,* 501 Mich. 926 (Mich. Nov. 29, 2017). On

August 6, 2018, Petitioner filed a habeas corpus petition. He now seeks to stay this case

pending resolution of another criminal proceeding against him in Livingston County

Circuit Court.

A federal court district court, in its discretion, may stay a habeas corpus proceeding provided that there is good cause for doing so, the petitioner is not seeking to delay the matter to gain an advantage, and the opposing party would not be unfairly prejudiced by a stay. *See Rhines v. Weber*, 544 U.S. 269, 276 (2005) ("District courts do ordinarily have authority to issue stays where such a stay would be a proper exercise of discretion.") (citations omitted). Petitioner's request that he be permitted to await resolution of the pending criminal charges before he decides whether to pursue relief in this case is reasonable. The Court finds no evidence that Petitioner is attempting to gain a tactical advantage, nor does the Court anticipate prejudice to Respondent if the matter is stayed. The Court, therefore, will grant Petitioner's motion.

For the reasons stated above, Petitioner's Motion to Stay Proceedings (Dkt. 11) is GRANTED and these proceedings are STAYED. To resume this case, Petitioner must file a motion to lift stay within sixty days of the resolution of the pending criminal case. *See Hargrove v. Brigano*, 300 F. 3d 717, 718 (6th Cir. 2002). If Petitioner does not file a motion to lift the stay within sixty days, this case will remain closed. To avoid any administrative difficulties, the Clerk of Court is directed to CLOSE this case.

Petitioner's Motion for Appointment of Counsel (Dkt. 8) is **DENIED WITHOUT PREJUDICE**.

**SO ORDERED**.

                                        s/Arthur J. Tarnow
                                        ARTHUR J. TARNOW
                                        UNITED STATES DISTRICT JUDGE

Dated: September 6, 2019